**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SCOTT WELDON**,

**Petitioner,**

**v.** **No. 14-0691-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

**MEMORANADUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction and Background

This matter is before the Court on Weldon's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 1, 5 & 14). The government opposes the motion (Doc. 12). Weldon filed a reply and other pleadings relevant to motion to vacate (Docs. 14, 15, 16 & 17). Based on the following, the Court denies Weldon's motion. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing). In addition, the Court finds that appointed counsel

is not in the interest of justice and that counsel would not assist Weldon in this matter. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent movant seeking relief under 28 U.S.C. § 2255. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for a § 2255 movant is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). "Due process does not require appointment of counsel for indigent prisoners pursuing ... federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. The decision is a discretionary one. *Id.* at 653; *Jackson*, 953 F .2d at 1071. A threshold question is whether the litigant has attempted to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55; *Jackson*, 953 F.2d at 1072–73. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson

to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.* Reviewing the record, the Court finds that Weldon has not established that he has attempted to obtain counsel or that he has been has been effectively precluded from doing so. Further, the Court finds that Weldon presented the issues coherently and thoroughly throughout his pleadings. Therefore, the Court denies Weldon's motion for evidentiary hearing and to appoint counsel (Doc. 16).

On April 21, 2010, the grand jury charged Weldon and Andrea Fields with distribution of a controlled substance, heroin, to David L. Roth which resulted in Roth's death in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See United States v. Weldon, et al.*, 10-30066-DRH; Doc. 1. On May 5, 2011, Weldon, pled guilty to the charges pursuant to a plea agreement. *Id.* Docs. 55, 56, 59 & 60. The plea agreement provided in part: "Defendant states that he is actually guilty of and will enter of plea of guilty to the one-count indictment which charges 'Distribution of a Controlled Substance Resulting in Death,' in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C)." *Id.* at Doc. 55, p. 5. The plea agreement also stated: "FIRST: That the Defendant knowingly distributed a controlled substance; and SECOND: That the ingestion of the controlled substance distributed by the

Defendant caused the death of another person. The Defendant agrees and admits that his conduct violated these essential elements of the offense." *Id.* Further, Weldon signed a stipulation of facts that provided the following:

> The Defendant and the Government agree and stipulate as follows:
>
> 1. On or about January 22, 2010, David L. Roth drove Scott Weldon and Andrea Fields, Weldon's girlfriend, to East St. Louis in his car to purchase heroin for the three of them to use.
>
> 2. Several blocks from the Mobile gas station on State Street in East St. Louis at a prearranged location, Roth pulled his car to the side of the road behind a car that was already parked there. Weldon then got out of the front passenger's seat of Roth's car and walked up to the front driver's side door of the other car. Weldon then purchased heroin from the driver of the other car, while Roth and Fields sat in his car and watched, with $120.00 in cash which had been provided to Weldon by Roth for this purpose.
>
> 3. Moments later, Weldon returned to Roth's car with the heroin, and Roth drove the couple back to Roth's residence. Immediately upon their return to the residence, Fields mixed the raw heroin with water and divided the mixture into thirds for each of them to inject. All three individuals had their own needle and each received approximately 30 cc of the water and heroin mixture.
>
> 4. Fields first injected Roth with his one-third share of the heroin, then herself and then Weldon.
>
> 5. Roth later died from a heroin overdose. According to the Medical Examiner, the heroin Roth ingested would have caused his death even without the other drugs in Roth's system.

*Id.* at Doc. 56.

On August 22, 2011, co-defendant Fields went to trial on the charges contained in the indictment. After a three-day jury trial, the jury found Fields not guilty of the charges (Docs. 87 & 89). The Court entered a judgment of acquittal as to Fields on August 24, 2011 (Doc. 94).

Thereafter, on September 16, 2011, the Court sentenced Weldon to 96

months imprisonment. *Id.* at Doc. 96. Judgment reflecting the same was entered on September 19, 2011 (Doc. 98). Weldon did not appeal his sentence or conviction; nor did he file a 28 U.S.C. § 2255 motion at that time or within a year of judgment. During his criminal proceedings, Assistant Federal Public Defender Todd Schultz represented Weldon.

On June 16, 2014, Weldon filed this § 2255 motion (Doc. 1). Weldon raises three claims: (1) actual innocence in light of the Supreme Court's new rule and statutory interpretation in *Burrage v. United* States, 134 S.Ct. 881 (2014) for causation, the petitioner is actually innocent of the charged indictment ; (2) ineffective assistance of counsel as to the guilty plea; and (3) change in the law that the Sixth Amendment right to a jury trial requires that any facts which would increase a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. As the petition/motion is ripe, the Court turns to address the merits.

## II. <u>28 U.S.C. § 2255 Standard</u>

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d

517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.")(citation omitted). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala*, 545 F.3d at 522.

Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003), *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(ciing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). Petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the petitioner in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 695. The Court is not required to analyze both the performance and prejudice prong, because the failure

to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To show that counsel's performance fell below an objective standard of reasonableness, a petitioner must identify "acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). To meet the prejudice prong, a petitioner need only show a reasonable probability that counsel's conduct altered the outcome, or, in other words, a probability sufficient to undermine confidence in the outcome. M*cElvaney v. Pollard*, 735 F.3d 528, 533 (7th Cir. 2013).

**III. Analysis**

In the instant case, the Court cannot say that Mr. Schultz's performance significantly prejudiced Weldon or that his representation fell below an objective standard of reasonableness. Further, the Court cannot say that despite these alleged errors the results of the proceedings would have been different. The Court finds that Weldon failed to meet either prong under *Strickland* and that his claim of actual innocence is without merit.

As noted supra, Weldon argues: (1) actual innocence in light of the Supreme Court's new rule and statutory interpretation in *Burrage v. United* States, 134 S.Ct. 881 (2014) for causation, the petitioner is actually innocent of the charged

indictment ; (2) ineffective assistance of counsel as to the guilty plea; and (3) change in the law that the Sixth Amendment right to a jury trial requires that any facts which would increase a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. The Court rejects all of these arguments and addresses them together as they are interrelated.

Weldon argues that *Burrage* makes him innocent of the charges contained in the indictment against him. In response, the government concedes that *Burrage* is substantive in nature and is retroactive. However, the government argues that *Burrage* does not help Weldon because at the time of his plea and sentencing the Seventh Circuit's decision in *Hatfield v. United States* was the controlling law and that *Hatfiedl* utilized the same "but for" causation test as *Burrage* now requires. The Court agrees with the government.

In January 2014, the Supreme Court issued its Opinion in *Burrage* imposing a new and stricter burden of proof that the government needs to prove in order to establish that "death resulted" from drug distribution. Under *Burrage*, the government must meet a "but for" causation test, i.e., that "but for" the drug which a defendant distributed, the overdose victim would not have died. *Burrage*, 134 S.Ct. at 888-892. It is no longer sufficient for the government to prove merely that that drug which a defendant distributed "contributed" to an overdose victim's death, i.e., as part of a fatal mixed-drug cocktail. *Id.* However, at the time of Weldon's sentencing, September 16, 2011, the law in the Seventh Circuit regarding death resulting from drug distribution was contained in *United States v. Hatfield*,

591 F.3d 945 (7th Cir. 2010). *Hatfield* held that in order for a defendant to receive the "death resulting" enhancement, the government must prove that the ingestion of the drugs which a defendant distributed actually caused an overdose victim's death under the "but for" causation test. *Id.* at 949-51. Thus, *Hatfield* imposed the same burden of proof on the government as *Burrage* now requires.

During sentencing, Weldon did not raise any objections as to the *Hatfield* "but for" causation requirement. Clearly, an objection to the *Hatfield* "but for" causation requirement during sentencing would have been futile (probably why Weldon's counsel did not raise such an objection). *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996); *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004)("counsel is not required to raise every non-frivolous issue on appeal). In reviewing the circumstances of this case, the Court finds that evidence still supports Weldon's guilty plea under *Burrage's* "but for" causation test. As noted supra, in his stipulation of facts, Weldon stipulated that "the heroin Roth ingested would have caused his death even without the other drugs in Roth's system." W*eldon*, 10-30066-DRH; Doc. 56. In addition, during the change of plea, Weldon stated that he went over every word of the stipulation of facts with his attorney and had no disagreement with any of it. The record reflects that Roth's autopsy and toxicology reports are consistent with Weldon's admissions at the time of the change of plea. Further, the reports are also consistent with the analysis of Dr. Mark Kneupfer, Ph.D., who was retained as an expert for the defense. Thus, the Court finds that Weldon's *Burrage* actual innocence claim is without merit.

Moreover, as to the ineffective assistance of counsel arguments, Weldon's plea documents and statements during the plea hearing contradict Weldon's arguments. It is clear to the Court that Weldon was informed of the nature of the proceedings and was aware of the charges to which he was pleading guilty. During his plea hearing, Weldon testified under oath that:

(1) He and his attorney went over the stipulation of facts, both pages, every word;
(2) He had no disagreement with anything in the stipulation of facts;
(3) He did the things in the stipulation of facts that the government said he did; and
(4) He was not pleading guilty for some other reason but because he is guilty of the charges.

*Weldon*, Weldon's Change of Plea Hearing Transcript; pages 21-22. Further, he also testified under oath in Court that:

(1) He had ample opportunity to discuss his case with his attorney;
(2) He was satisfied with Mr. Schultz's representation; and
(3) There had not been anything that Weldon wanted Mr. Shultz to do that he had not done.

*Id.* at page 9.

Based on the foregoing, the Court finds that Weldon's petition fails. His argument that his attorney was ineffective is without merit. He has not met his burden regarding the involuntariness of the plea. "A reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir.2006). The Supreme Court has acknowledged that the decision to plead guilty

involves many uncertainties: "[b]ecause many questions about the facts and how a court or jury will apply the law to those facts cannot be answered by counsel with certitude, '[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.'" *Id.* (*quoting McMann v. Richardson,* 397 U.S. 759, 769–70, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Furthermore, while "a gross mischaracterization of the sentencing consequences of a plea may strongly indicate deficient performance, it is not proof of deficiency." *Bethel,* 458 F.3d at 717. The critical question for the Court to consider is "whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence. An inaccurate prediction of a sentence alone is not enough to meet the standard." *Id.*

Also, Weldon does not offer support for his allegation that his attorney did not advise him properly. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (petitioner must present objective evidence that he would not have entered the guilty plea; his own self-serving testimony is not enough). Therefore, his claims of ineffective assistance of counsel on these grounds do not succeed. *See United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir.), *cert. denied*, 493 U.S. 831 (1989)(holding that even assuming petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities). Also, Weldon's arguments are belied by his statements at the

change of plea hearing which are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998).

The Court concludes that Weldon's claims that his counsel was ineffective are without merit. His bald assertions (which are either not true or not supported by the record) that his counsel was ineffective is insufficient basis to grant him the relief he seeks. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United* States, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for the purposes of a § 2255). In fact, the Court concludes that Mr. Schultz's actions were reasonable and sound in light of the circumstances.

While Weldon may think that his sentence is harsh; his sentence and conviction are legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, the Court rejects Weldon's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Weldon's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a

constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

**IV. Conclusion**

Accordingly, the Court **DENIES** Weldon's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 17th day of April, 2015.

Digitally signed by David R. Herndon
Date: 2015.04.17 06:36:11 -05'00'

**United States District Court**